**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0333-19T1

TYNESHA LEWIS,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

Submitted October 21, 2020 - Decided November 25, 2020

Before Judges Accurso and Enright.

On appeal from the New Jersey Department of Corrections.

Tynesha Lewis, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Chanell Branch, Deputy Attorney General, on the brief).

PER CURIAM

Tynesha Lewis, an inmate at Edna Mahan Correctional Facility, appeals from a final agency decision of the Department of Corrections adjudicating her guilty of prohibited acts *.203, possession or introduction of any prohibited substances, and *.205, misuse of authorized medication, in violation of N.J.A.C. 10A:4-4.1(a). We affirm.

Lewis was observed by a corrections officer using an inmate identification card to crush pills with another inmate on the inmate's bed. The alleged contraband, a mirror, the other inmate's identification card and the crushed substance, was photographed and confiscated. Both inmates were placed in restraints and escorted to the prison hospital.[1] Before being strip searched, the other inmate admitted to having more medication hidden in her bra. She claimed some of the pills came from Lewis. Of the six pills recovered in a clear plastic bag tucked into the inmate's bra, two, one yellow Trileptal pill and a blue and white capsule of Minipress, were prescribed to Lewis and not the other inmate.

While being escorted to prehearing disciplinary housing, Lewis threatened to kill herself and was placed on constant watch placement for four days. Upon her release, she was served with the charges, assigned counsel substitute, and

---

[1] The other inmate became unresponsive within a half hour and prison staff administered Narcan and continued CPR until emergency personnel arrived to transport her to Hunterdon Medical Center in an ambulance.

pleaded not guilty. At the disciplinary hearing three days later, Lewis chose not to confront the officer who observed her crushing pills. She maintained she had been in the dayroom with other inmates, briefly returning to her cell to retrieve some makeup she intended to apply in the dayroom. Lewis claimed she noticed the other inmate in her wing appeared odd. Lewis asked the inmate "how high" she was and picked up the inmate's identification card off the bed to see what was under it. Just at the moment, the officer arrived and saw her holding the other inmate's identification card.

Lewis admitted the officer saw her holding the identification card but maintained the officer could not have seen her crushing pills with it as she had not done so. Lewis also denied giving the other inmate the two pills Lewis had been prescribed. Lewis presented the statements of the inmates with whom she had been applying makeup in the dayroom, who claimed she left them only briefly to retrieve more makeup from her wing.

After reviewing the evidence, the hearing officer determined the credible evidence supported the charges and found Lewis guilty of both. The prison administrator affirmed that decision on Lewis's administrative appeal. Lewis appeals, claiming the guilty finding was arbitrary, did not comport with due process requirements, was the result of an untimely hearing, and was not

A-0333-19T1

supported by substantial credible evidence in the record. We reject those arguments.

Lewis's chief argument is that she did not receive timely notice of the charges, noting she was served four days after the alleged infractions. Although N.J.A.C. 10A:4-9.2, requires charges to "be served upon the inmate within 48 hours after the violation," it qualifies that requirement by stating "unless there are exceptional circumstances." We have no hesitation in finding that Lewis's suicide watch constituted exceptional circumstances permitting service of the charges to be delayed until that watch was discontinued four days later. Importantly, Lewis was permitted more than twenty-four hours to prepare her defense, as required by N.J.A.C. 10A:4-9.2, as the hearing was not held until three days after she was served with the charges. Under the circumstances, we find no violation of the due process protections accorded inmates in Avant v. Clifford, 67 N.J. 496, 525-29 (1975).

Applying our limited standard of review, In re Herrmann, 192 N.J. 19, 27-28 (2007), we find no basis to overturn the Department's decision in this matter. Having reviewed the record, we are satisfied the reports and statements on which the agency relied provided ample evidence to support the charges against Lewis, and that she was afforded all of the substantive and procedural due process to

which she was entitled.  See McDonald v. Pinchak, 139 N.J. 188, 195 (1995).

Her arguments to the contrary are entirely without merit.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION